_____

No. 95-3937MN
_____

United States of America,          *
                                   *
            Appellee,              *   Appeal from the United States
                                   *   States District Court for the
      v.                           *   District of Minnesota.
                                   *
Eliseo Rodrigo Romo,               *
                                   *
            Appellant.             *
_____

Submitted:  March 11, 1996

Filed:  April 9, 1996
_____

Before FAGG, BRIGHT, and WOLLMAN, Circuit Judges.
_____

FAGG, Circuit Judge.


       Under the "safety valve" exception to statutory minimum sentences,
a drug defendant may be given a more lenient sentence within the otherwise
applicable guidelines range if, among other things, the defendant
"provide[s] to the Government all information and evidence the defendant
has concerning the offense or offenses that were part of the same course
of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5) (1994);
U.S.S.G. § 5C1.2(5) (1995).  After Eliseo Rodrigo Romo pleaded guilty to
aiding and abetting the possession with intent to distribute
methamphetamine, the district court found Romo failed to satisfy
§ 3553(f)(5) and imposed the statutory minimum sentence of ten years
imprisonment.  Romo appeals his sentence, asserting he satisfied
§ 3553(f)(5) because he gave the Government the names of persons involved
in the offense and explained the drug distribution system and his role in
it.  We affirm.

To satisfy § 3553(f)(5), Romo was required to disclose all the information he possessed about his involvement in the crime and his chain of distribution, including the identities and participation of others. United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996); United States v. Arrington, 73 F.3d 144, 148 (7th Cir. 1996); United States v. Acosta-Olivas, 71 F.3d 375, 377-78 (10th Cir. 1995). Romo had the burden to show, through affirmative conduct, that he gave the Government truthful information and evidence about the relevant crimes before sentencing. Ivester, 75 F.3d at 184-85; Arrington, 73 F.3d at 148; see also United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990). We review the district court's finding that Romo did not satisfy § 3553(f)(5) for clear error. Acosta-Olivas, 71 F.3d at 378 n.3; United States v. Rogdriguez, 69 F.3d 136, 144 (7th Cir. 1995); United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995).

The district court's finding is not clearly erroneous. The district court stated Romo had "placed his allegiance with gang activity rather than providing assistance to the government," and had not offered specific enough information about his role or the role or identity of others involved in his drug activity. Although Romo gave the Government some limited information about his crime, the presentence report indicated Romo did not tell the Government the whole story about his role in the distribution chain and his gang's involvement. See Edwards, 65 F.3d at 433 (considering information in presentence report to conclude defendant failed to satisfy § 3553(f)(5)). Romo failed to respond to the Government's initial request for a written chronological summary of his drug trafficking activities. See Arrington, 73 F.3d at 148. Similarly, Romo failed to respond to the Government's presentence letter expressing concern about Romo's failure to give accurate and specific information about his criminal drug activities and asking Romo to provide more information before the sentencing hearing.

We affirm Romo's sentence.

-2-

A true copy.

Attest:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.