**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 96-4744

JOE LOUIS BRADY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-96-36)

Submitted: July 29, 1997

Decided: August 19, 1997

Before LUTTIG and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joe Louis Brady appeals from his sentence following his guilty plea to several drug-related counts pursuant to 21 U.S.C.A. § 841(a)(1), (b)(1) (West 1981 & Supp. 1997), and 18 U.S.C. § 1957(a) (1994). He alleges that the district court improperly calculated his sentence under the United States Sentencing Commission, Guidelines Manual (Nov. 1995).* Because we find no merit to his claim, we affirm.

Brady contends that the district court erred by refusing to sentence him pursuant to the "safety valve" provision, 18 U.S.C.A. § 3553(f) (West Supp. 1997); U.S.S.G. § 5C1.2. Under U.S.S.G. § 5C1.2, a defendant convicted of violating 18 U.S.C. § 841 shall receive "a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5)." Brady claims that the district court erred by finding that he failed to satisfy the criteria in § 3553(f)(2), which requires in part that"the defendant did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."

A defendant has the burden of proving that he qualifies for application of the safety valve provision. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). The district court's determination of whether Brady fulfilled the requirements of § 3553(f) is a question of fact reviewed for clear error. See United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996); United States v. Rodriguez, 69 F.3d 136, 144 (7th Cir. 1995).

_____

*Brady was sentenced in September 1996.

2

During the sentencing hearing, the district court noted that in a transcript of a tape-recorded drug transaction between Brady and a confidential informant, Brady said that he carried a firearm, described the ballistic capabilities of the weapon, and offered to obtain one for the confidential informant. Brady did not object to the accuracy of the transcript. In light of this evidence, we find that the district court did not clearly err by finding that Brady possessed a firearm in connection with his crimes and therefore was not entitled to application of the safety valve provision.

We affirm Brady's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3