United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 98-1028EA
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Darrell Fluker, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 7, 1998
Filed: May 21, 1998
_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Darrell Fluker appeals his sentence for distributing cocaine base. On appeal, Fluker contends he was entitled to a two-level safety-valve reduction because he satisfied the criteria contained in U.S. Sentencing Guidelines Manual § 5C1.2(5) (1997). We disagree. To satisfy § 5C1.2(5), Fluker was required "to disclose all information he possessed about his involvement in the crime and his chain of distribution, including the identities and participation of others." See United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996). Having reviewed the record, we conclude the district court's finding that Fluker failed to carry his burden of disclosure is not clearly erroneous. See id. at 85-86. We also reject Fluker's argument that the district court

violated Fluker's constitutional rights by denying him a more lenient sentence based on his refusal to provide information. The district court did not penalize Fluker for refusing to volunteer self-incriminating information when the district court denied Fluker the safety-valve reduction; instead, the court merely withheld a benefit extended to defendants who provide relevant information. <u>See</u> <u>United States v. Washman</u>, 128 F.3d 1305, 1307 (9th Cir. 1997); <u>cf.</u> <u>United States v. Knight</u>, 96 F.3d 307, 310 (8th Cir. 1996). We conclude that Fluker's additional arguments on appeal are without merit. We thus affirm Fluker's sentence. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.