# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1269

_____

United States of America,     *
       *
      Appellee,     *
       *   Appeal from the United States
    v.          *   District Court for the
       *   Eastern District of Arkansas.
Nelson De Jesus Jaramillo-Martinez,    *
       *      [UNPUBLISHED]
      Appellant.     *

_____

Submitted: June 3, 1998
Filed: June 5, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Nelson De Jesus Jaramillo-Martinez (Martinez) pleaded guilty to possessing with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (1994). Because he possessed 11.18 kilograms of cocaine when apprehended, he was subject to a statutory mandatory minimum sentence of 120 months imprisonment. See 21 U.S.C. § 841(b)(1)(A) (where offense involves 5 or more kilograms of cocaine, person is subject to sentence of at least 10 years imprisonment). Martinez maintained that he qualified for the "safety valve," see U.S. Sentencing Guidelines Manual § 5C1.2 (1997), and thus should be sentenced within the 87-to-108-month guidelines

imprisonment range which would otherwise have applied. After hearing testimony at sentencing, however, the District Court[1] concluded that Martinez had not truthfully provided all the information he had about the offense, denied him safety-valve relief, and sentenced him to 120 months imprisonment and five years supervised release. Martinez appeals, and we affirm.

We agree with the government that the District Court did not clearly err in finding that Martinez had not truthfully provided all the information he had about the instant offense, and that thus Martinez did not qualify for the safety valve. See 18 U.S.C. § 3553(f)(5) (1994) (court shall impose sentence pursuant to guidelines without regard to any statutory minimum sentence if court finds at sentencing, among other things, that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense"); U.S. Sentencing Guidelines Manual § 5C1.2(5) (1997) (same); United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996) (standard of review). Martinez failed to show that he had satisfied this requirement: the District Court credited a police officer's testimony that Martinez would know the identities of at least some of the people involved given the quantity and dollar value of the drugs, yet Martinez terminated his debriefing interview upon being questioned about the identity of the person who arranged his cocaine run and without disclosing the first and last name of any other person associated with the offense, other than his co-defendant's. At sentencing, Martinez was reluctant to respond whether his co-defendant--who had not cooperated with the government--knew the identities of anyone else involved in the offense, and he declined the opportunity to continue sentencing to allow him to participate in further debriefing. See Romo, 81 F.3d at 85-86 (affirming a finding that drug defendant failed to satisfy safety valve's fifth element because he did not disclose all information he possessed about the crime and his chain

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

of distribution, including identities and participation of others; defendant had burden to show, through affirmative conduct, he gave government truthful information).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.