UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4461

FRANK TAMBURELLO,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-95)

Submitted: May 29, 1998

Decided: October 14, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Mary-
land, for Appellant. Lynne A. Battaglia, United States Attorney, Lisa
M. Griffin, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frank Tamburello pled guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994). He was sentenced to the mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A) (1994). For the following reasons, we affirm Tamburello's sentence.

Tamburello advised the Government prior to sentencing that he would seek relief under USSG § 5C1.2.* Under USSG § 5C1.2, the "safety valve" provision, a defendant convicted of violating § 846 shall receive "a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence," if the defendant meets the criteria in 18 U.S.C.A. § 3553(f)(1)-(5) (West Supp. 1998). The fourth requirement of the safety valve provision is that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense as determined under the sentencing guidelines." The fifth requirement is that, by the time of sentencing, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Tamburello and his counsel met with the Federal Bureau of Investigation and the Assistant United States Attorney in an attempt to satisfy the criteria set forth in § 3553(f)(1)-(5). At the meeting, Tamburello gave essentially the same version of the offense as is contained in his presentence report.

At sentencing, Tamburello argued that he satisfied all the requirements of the safety valve provision and was entitled to be sentenced within his guideline range of 87 to 108 months incarceration. The Government argued that Tamburello was an organizer and leader of

_____

*U.S. Sentencing Guidelines Manual (1996).

2

the conspiracy and that he did not provide a truthful version of the facts to the Government because he did not disclose that he had a leadership role in the conspiracy. The district court concluded that Tamburello did not satisfy the fourth requirement under § 5C1.2 because he exercised direction over at least one or more members of the conspiracy. The district court found also that Tamburello did not satisfy the fifth requirement under § 5C1.2 because the information he gave the Government omitted major details. Thus, the district court determined that Tamburello was not entitled to relief under § 5C1.2 and imposed the mandatory minimum sentence of ten years.

On appeal, Tamburello claims that the district court erred by finding that he was not entitled to a departure below the statutory mandatory minimum sentence under the safety valve provision. Specifically, Tamburello alleges that the district court erred by finding that he was an organizer, leader, manager, or supervisor of others in the offense because the court failed to consider application note 5 of § 5C1.2. Application note 5 states that an organizer, leader, manger, or supervisor means a defendant who receives an adjustment for an aggravating role under USSG § 3B1.1. See USSG§ 5C1.2, comment. (n.5). Pursuant to plea negotiations, the Government did not seek an enhancement under USSG § 3B1.1, and the sentencing court did not address the applicability of USSG § 3B1.1. Tamburello thus contends that because he did not receive an adjustment for being an organizer, leader, manager, or supervisor, under USSG § 5C1.2, he was entitled to be sentenced within his guideline range.

A defendant has the burden of proving that he qualifies for application of the safety valve provision. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). The district court's determination of whether Tamburello satisfied the requirements of§ 3553(f)(1)-(5) is a question of fact reviewed for clear error. See United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996); United States v. Rodriguez, 69 F.3d 136, 144 (7th Cir. 1995).

Contrary to Tamburello's assertions on appeal, the Government argued at sentencing that "he does not qualify under either the fourth or fifth criteria" of USSG § 5C1.2. The district court found that Tamburello "did not provide adequate information to satisfy factor five" of USSG § 5C1.2. The court's finding was based partly on testimony

3

from a co-conspirator's trial which revealed that Tamburello's role in the drug conspiracy was far more significant than he admitted to the Government in his attempt to obtain relief under the safety valve provision. The testimony showed that Tamburello had a supervisory role in the conspiracy. However, he did not disclose the full extent of his role to the Government. The district court's finding was not clear error. Because Tamburello did not satisfy one of the requirements under USSG § 3553(f)(1)-(5), he was not entitled to relief under the safety valve provision.

Accordingly, we affirm Tamburello's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>