# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-3700

———————

|  |  |  |
|---|---|---|
| Paula D. Hudson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

———————

Submitted: April 12, 2000

Filed: April 19, 2000

———————

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Paula D. Hudson pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 151 months imprisonment. Hudson successfully appealed a weapon enhancement and on remand, the district court reduced Hudson's sentence to 121 months. Between the original sentencing and resentencing, Hudson's earlier state conviction for possession of methamphetamine was reversed. Although Hudson's attorney was aware of the state conviction reversal, he failed to present the information to the court at resentencing. Hudson filed a 28 U.S.C. § 2255 motion for relief from her sentence, claiming ineffective assistance of counsel because her attorney allowed

her to be resentenced without arguing for a safety valve sentence reduction under 18 U.S.C. § 3553. The district court denied Hudson's motion without a hearing, concluding the performance of Hudson's attorney was deficient, but Hudson was not prejudiced because her 121 month sentence was still within the 108-135 month Guideline range applicable after an adjustment to her criminal history category following the state conviction reversal. Hudson appeals and we affirm.

Hudson contends the district court committed error in denying her § 2255 motion without an evidentiary hearing. We disagree. A hearing was not required because "[Hudson's] allegations, accepted as true, would not entitle [her] to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). To qualify for the safety valve reduction, Hudson had to prove, in relevant part, that:

> not later than the time of the sentencing hearing, [Hudson] ha[d] truthfully provided to the Government all information and evidence [Hudson] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that [Hudson] ha[d] no relevant or useful other information to provide or that the Government [was] already aware of the information shall not preclude a determination by the court that [Hudson] ha[d] complied with this requirement.

18 U.S.C. § 3553(f)(5); U.S. Sentencing Guidelines Manual § 5C1.2(5). Hudson asserts that "she informed the government of her own involvement concerning the offense of which she was charged, and that she also agreed to provide officers with methamphetamine." (Appellant's Br. at 15). Even assuming Hudson did admit her involvement, the safety valve reduction "'require[d] more than accepting responsibility for [her] own acts.'" United States v. Conde, 178 F.3d 616, 622 (2d Cir. 1999) (citation omitted). To be eligible, Hudson had to "disclose all the information [s]he possessed about [her] involvement in the crime and [her] chain of distribution, including the identities and participation of others." United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996). Because Hudson did not allege that she disclosed the type of

–2–

information required to qualify for a safety valve reduction, we conclude the district court did not abuse its discretion in denying Hudson an evidentiary hearing. We affirm the district court's dismissal of Hudson's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.