# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2985

_____

United States of America,     *
    *
       Appellee,     *    Appeal from the United States
    *    District Court for the
    v.     *    District of Nebraska.
    *
David L. Malone,     *       [UNPUBLISHED]
    *
       Appellant.     *

_____

Submitted: April 16, 2002

Filed: April 22, 2002

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

David Malone appeals the 120-month sentence imposed by the District Court[1] after he pleaded guilty to one count of conspiracy to distribute methamphetamine and cocaine. See 21 U.S.C. § 846 (1994). He argues that the court erroneously concluded that he did not qualify for safety-valve relief under the provisions of 18 U.S.C. § 3553(f) (1994 & Supp. V 1999) and U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5C1.2 (2000). We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Based upon Malone's criminal history (category I) and offense level (31), his guideline sentencing range fell within 108 to 135 months. Because the drug quantity attributed to Malone mandated a 120-month statutory minimum sentence, Malone requested relief under the safety-valve provisions in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which allow the court, in certain instances, to impose a sentence below the statutory minimum. To qualify for this relief, Malone agreed to cooperate and reveal all information within his knowledge regarding the drug conspiracy. Before sentencing, Malone met with a government investigator and took a polygraph exam.

At the conclusion of the sentencing hearing, during which the District Court heard testimony from Malone and the government investigator, and received the report from Malone's polygraph examination (which stated he had been deceptive in his answers), the court determined that Malone had not "truthfully provide[d] the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(5). The court denied Malone the benefit of the safety-valve provision and sentenced him to 120 months. Malone argues that the District Court clearly erred because it inadequately considered the effect of Malone's memory problems and learning disability on his ability to recall the facts of the conspiracy and because the court gave too much weight to the polygraph results. Malone bears the burden of showing that he meets the requirements of § 5C1.2, see United States v. Rios, 171 F.3d 565, 567 (8th Cir. 1999), and we review for clear error the court's determination that Malone did not carry this burden, see United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996).

At the sentencing hearing, Malone testified that he told the investigator everything he knew about the conspiracy. He also asserted that he suffered from memory loss and a learning disability that limited his ability to recount past events, but he did not substantiate these claims with any medical records or other reports. In contrast, the government investigator testified that Malone's statements to him

conflicted in significant ways with information obtained from other participants and investigating officers. Moreover, the investigator testified that he had to "pry" information from Malone. In rejecting Malone's testimony, the District Court found the government investigator to be highly credible, a determination that is "virtually unreviewable" on appeal. United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992). It was not clear error for the District Court to credit the testimony of the investigator over that of Malone and to conclude that Malone had not fully disclosed his knowledge of the conspiracy.

Although the District Court indicated that the polygraph report buttressed the investigator's conclusion that Malone had not fully revealed his knowledge of the conspiracy, we conclude that the testimony at the hearing provides a sufficient basis, without relying on the polygraph report, to determine that Malone did not meet his evidentiary burden. See United States v. Weekly, 118 F.3d 576, 581 (8th Cir.) (holding that a conflict in the evidence is, standing alone, "independent evidence to support the district court's finding that [the defendant] had not truthfully provided all information that she had concerning the offense"), cert. denied, 522 U.S. 1020 (1997); cf. Ortega v. United States, 270 F.3d 540, 547 (8th Cir. 2001) (reversing obstruction-of-justice enhancement imposed solely upon evidence of failed polygraph examination). In any event, because Malone did not object to the admission of the polygraph report, we review its admission for plain error. See United States v. Poulack, 236 F.3d 932, 937 (8th Cir.), cert. denied, 122 S. Ct. 148 (2001). Because we conclude that the report did not "prejudicially influence[] the outcome of the district court proceedings," we see no basis upon which to disturb the District Court's sentencing decision. United States v. Beasley, 102 F.3d 1440, 1452 (8th Cir. 1996), cert. denied, 520 U.S. 1246 (1997).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.