# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2472

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Joaquin Rojas-Coria, also known as | * | |
| Kinieno, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2005
Filed:   March 17, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

_____

BOWMAN, Circuit Judge.

Joaquin Rojas-Coria pleaded guilty to a charge of distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C.A. §§ 841(a)(1) and 841(b)(1) (West 1999 & Supp. 2004). The District Court[1] sentenced Rojas-Coria to 120 months in prison, the statutory mandatory minimum sentence. On appeal, Rojas-Coria challenges the District Court's denial of relief under the "safety valve"

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

provision of 18 U.S.C. § 3553(f) (2000), which would, if applicable, mandate a sentence under the United States Sentencing Guidelines without respect to the statutory mandatory minimum sentence. We affirm.[2]

On three occasions in early 2003, Rojas-Coria and a co-defendant sold methamphetamine to an individual who was cooperating with a federal drug task force. In connection with these sales, Rojas-Coria was arrested and indicted on three counts of distribution and possession with intent to distribute methamphetamine, as well as a fourth count charging that property used to facilitate the sales was subject to forfeiture. Shortly after his arrest, Rojas-Coria entered into a plea agreement with the government. In exchange for the government's promise to dismiss two of the distribution and possession counts, Rojas-Coria agreed to plead guilty to the third distribution and possession count and to the forfeiture count. Pursuant to 21 U.S.C. § 841(b)(1), Rojas-Coria was subject to a mandatory minimum sentence of ten years' imprisonment, unless he qualified for the safety-valve provision of 18 U.S.C. § 3553(f).[3]

---

[2]We note that on the second page of the written plea agreement between Rojas-Coria and the Special Assistant United States Attorney for the District of Nebraska, Rojas-Coria agreed to waive his "right to appeal to the Eighth Circuit Court of Appeals any aspect of this case." A review of the transcripts from the change of plea hearing and the sentencing hearing, however, indicates that the District Court did not engage in the colloquy required by Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure to ensure that Rojas-Coria knowingly and voluntarily waived this right. In fact, without objection by the government, the District Court specifically informed Rojas-Coria that he had a "right to appeal the handling of this case," Sent. Tr. at 14, and issued Rojas-Coria a form entitled "Notice of Right to Appeal in a Criminal Case." In these circumstances, the waiver set forth in the plea agreement does not bar this appeal, and the government does not contend otherwise.

[3]Under the United States Sentencing Guidelines, Rojas-Coria was subject to a sentence range of 108-135 months' imprisonment. See Presentence Investigation Report at 15.

Under the safety-valve exception to statutory mandatory minimum sentences, a drug defendant may be given a more lenient sentence if, among other things, the defendant "provide[s] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). After entering his guilty plea, Rojas-Coria agreed to meet with the government for the purpose of giving information that would qualify him for safety-valve relief. During the course of two interviews, Rojas-Coria admitted his role in the three drug sales and explained the roles of others involved in those transactions. Rojas-Coria began to withhold information, however, "when the course of the interview expanded from these three incidents to his involvement in general." Sent. Tr. at 5. While Rojas-Coria revealed that during the same time period as the drug sales he drove an individual around the Grand Island, Nebraska, area, Rojas-Coria failed to give details about the individual's drug activity. Rojas-Coria further admitted that he occasionally drove cars from Nebraska to California, but he did not admit to knowing that the cars contained drugs. When asked details about driving the cars to California, Rojas-Coria told the interviewer that he was scared for his family and would rather be sentenced to the mandatory minimum of ten years' imprisonment than tell anything more.

At the sentencing hearing, the District Court found that Rojas-Coria's refusal to discuss his involvement in the transportation of drugs to or from California disqualified him from receiving the benefit of the safety valve. We review the District Court's finding as to the completeness of Rojas-Coria's safety-valve proffer for clear error. United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996).

The District Court's finding is not clearly erroneous. The court stated that information about the transportation of drugs to or from California was relevant to the "same course of conduct or common scheme or plan." Sent. Tr. at 6. Thus, the District Court found, before Rojas-Coria could qualify for the safety-valve exception, he was obligated to "provide all information and evidence he ha[d]" about the cross-

country drives. Id. We agree. It was not enough for Rojas-Coria to have detailed his involvement in the three drug sales made to the government informant. Section 3553(f)(5) clearly requires a defendant to provide "all information" concerning "offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). It was not clear error for the District Court to find that Rojas-Coria's involvement in other drug activity, occurring during the same time period as Rojas-Coria's drug sale, was part of the same course of conduct or part of a common scheme or plan. See Romo, 81 F.3d at 86 (holding that district court did not clearly err in finding that defendant who pleaded guilty to aiding and abetting the possession with intent to distribute methamphetamine failed to satisfy § 3553(f)(5) when he refused to disclose all the information about his involvement in the "distribution chain"); see also United States v. Miller, 151 F.3d 957, 958 (9th Cir. 1998) (ruling that § 3553(f)(5) requires disclosure of "uncharged related conduct"), cert. denied, 525 U.S. 1127 (1999). Rojas-Coria's refusal to discuss such related conduct precluded safety-valve relief.

We affirm Rojas-Coria's sentence.[4]

_____

[4]The United State Supreme Court's recent decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), has no impact on this case, as Rojas-Coria's sentence was not based upon an application of the United States Sentencing Guidelines but rather upon the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A). See United States v. Nolan, 397 F.3d 665, 667 n.2 (8th Cir. 2005).

-4-