**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4028**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER OSMARO ALFARO-RAMIREZ, a/k/a Luis
Antonio Suarez-Delgado,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. Frank W. Bullock, Jr.,
District Judge. (CR-03-268)

─────────────

Submitted: June 10, 2005          Decided: July 18, 2005

─────────────

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Elizabeth Horton, HORTON AND GSTEIGER, P.L.L.C., Winston-Salem,
North Carolina, for Appellant. Angela Hewlett Miller, Randall
Stuart Galyon, Assistant United States Attorneys, Greensboro, North
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Walter Osmaro Alfaro-Ramirez appeals his conviction for conspiracy to possess with intent to distribute marijuana and his resulting sixty-month sentence. On appeal, Alfaro-Ramirez's counsel filed an <u>Anders</u>[*] brief, concluding that there were no meritorious issues for appeal but addressing whether the district court correctly found that Alfaro-Ramirez was not entitled to the safety valve exception. Alfaro-Ramirez further addressed this issue in a pro se supplemental brief. At this court's request, counsel filed a supplemental <u>Anders</u> brief, opining that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), was inapplicable to Alfaro-Ramirez's sentence.

Under the "safety valve" exception to statutory minimum sentences, a defendant convicted of a drug crime may be given a more lenient sentence within the otherwise applicable guidelines range if, among other things, the defendant "provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5) (2000); <u>U.S. Sentencing Guidelines Manual</u> § 5C1.2(a)(5) (2003). To satisfy § 3553(f)(5), Alfaro-Ramirez was required to disclose all the information he possessed about his involvement in the crime and his chain of distribution, including

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

the identities and participation of others.  See United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996).  The district court's finding that Alfaro-Ramirez did not satisfy the statutory requirements is reviewed for clear error.  See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

It is undisputed that Alfaro-Ramirez failed to describe the whole story of the conspiracy and refused to detail the roles and identities of others involved.  The fact that he was willing to describe his own role was insufficient to satisfy the statutory requirements.  Thus, the district court's finding was not clearly erroneous.

Next, citing Booker, Alfaro-Ramirez argues in his pro se supplemental brief that he was entitled to a jury determination of whether he satisfied the safety valve exception.  His attorney raises the issue of whether Alfaro-Ramirez's sentence violated the Sixth Amendment.  Because Alfaro-Ramirez did not raise either issue in the district court, these claims are reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

To meet this plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  If the three elements of the plain error standard are met, the Court may exercise its discretion to notice error only "when

failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Hughes, 401 F.3d at 555.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. Thus, the district court erred in sentencing Alfaro-Ramirez under the mandatory guidelines scheme. See United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005). That error was plain because Booker abrogated previous law of this Circuit. Id. at 217. However, to affect substantial rights, the sentence imposed must have been longer than what could have been imposed based solely on the jury's findings. Hughes, 401 F.3d at 548. Here, Alfaro-Ramirez was sentenced to the statutory mandatory minimum. Thus, the mandatory guideline calculation had no effect on his actual sentence, and his substantial rights were not affected.

In addition, neither Booker nor Hughes holds that sentencing guidelines determinations must be made by a jury. Instead, courts are required to calculate the appropriate guidelines range, in accordance with current practice and under a preponderance of the evidence standard, and then consider that

range along with other relevant factors before imposing a sentence. <u>Hughes</u>, 401 F.3d at 546. Thus, there is no merit to the argument that the safety valve issue must be decided by a jury. The decision of whether a defendant has satisfied the statutory requirements of the safety valve exception is properly made by a judge both pre- and post-<u>Booker</u>.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Alfaro-Ramirez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 5 -