# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1456

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Marileen Bonita Edgar, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2005
Filed: November 22, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Marileen Bonita Edgar pleaded guilty to possession with intent to distribute more than fifty grams of cocaine base. The district court[*] imposed the statutory minimum sentence of 120 months in prison. Edgar now appeals her sentence arguing the court erroneously concluded she did not qualify for relief from the statutory minimum under the safety valve, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We affirm.

_____

[*]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

To qualify for safety valve relief, Edgar had the burden to show, among other things, that she had truthfully provided the government with all information about her crime before sentencing. See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998). We review the district court's decision that Edgar did not carry her burden for clear error. See United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996).

At the proffer session, Edgar identified her source as Ellis McGee, but could not provide an address or phone number for him. Because the government had information that Edgar's source was someone else, the government believed Edgar had not been fully truthful and thus opposed application of the safety valve. At a sentencing hearing on the issue, the officer involved in the proffer session testified that although Edgar had identified her source as McGee, the officer had received information from an informant that Barnard Van was Edgar's supplier. The officer also testified he was familiar with Edgar and her relationship with Van. Van operated an escort business and Edgar had been arrested in 2001 and 2002 for prostitution. Further, the officer testified Edgar's codefendant identified Van as Edgar's supplier. In the officer's opinion, Edgar's supplier was Van, not McGee. Edgar testified she had received drugs from McGee for about six months, and had never sold drugs for Van, who was a friend. After hearing the testimony, the district found the officer's testimony was credible and Edgar had not been substantially truthful in her proffer.

On appeal, Edgar argues the Government breached an oral promise to recommend safety valve relief if she satisfied the statute's requirements. Edgar contends she was truthful at the proffer and provided all information she could. The district court's contrary finding is not clearly erroneous. The officer's testimony at the hearing provides a sufficient basis for a finding that Edgar was not truthful about the identity of her supplier, and was thus not truthful about her offense. See United States v. Weekly, 118 F.3d 576, 581 (8th Cir. 1997). The court's decision that the officer was credible is virtually unreviewable on appeal, and the court did not commit

clear error in crediting the testimony of the officer over Edgar's testimony.  <u>United States v. Candie</u>, 974 F.2d 61, 64 (8th Cir. 1992).

Accordingly, we affirm Edgar's sentence.

_____