# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1964

_____

United States of America,        *
                       *

      Appellee,           *

                       *   Appeal from the United States
    v.                   *   District Court for the
                       *   Eastern District of Missouri.

Andre Hill,               *

                       *   [UNPUBLISHED]

      Appellant.       *

_____

Submitted: October 19, 2005
Filed: March 8, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Andre Dwight Hill appeals from the district court's[1] final judgment after he pleaded guilty to one count of possessing more than 5 grams of cocaine base with intent to distribute and one count of possessing more than 5 grams of cocaine with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Hill to concurrent sentences on each count of 108 months imprisonment and 4 years supervised release. For reversal, Hill argues that sufficient evidence did not exist to support the district court's findings that two kilograms of cocaine were

_____

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

attributable to him based on his relevant conduct, because he never admitted that the two vacuum-sealed bags found in the trash outside his residence actually contained kilogram quantities of cocaine. He also argues that the district court's drug-quantity finding violated his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 961 (2004), and that he is entitled to resentencing as he was sentenced under then mandatory Sentencing Guidelines.

This court dismisses Hill's appeal based upon the appeal waiver in his plea agreement. At the January 6, 2004, plea hearing, the district court stated the plea agreement's term, including that the "defendant has agreed to waive his appellate rights if the Court accepts this plea agreement and sentences the defendant accordingly." Moreover: "The defendant has agreed not to file any other actions contesting his sentence or conviction including a lawsuit under Title 28 United States Code Section 2255 except for claims of prosecutorial misconduct on [the prosecutor's] part or ineffective assistance of counsel at time of sentencing." The defendant acknowledged to the judge he understood the plea agreement, which he had signed. Thus, the record shows that the district court engaged in the colloquy required by Fed. R. Crim. P. 11(b)(1)(N), ensuring that the "plea agreement and corresponding waiver [were] entered into knowingly and voluntarily" by Hill. *United States v. Reeves*, 410 F.3d 1031, 1034 (8th Cir. 2005) (citing *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)). *But see United States v. Rojas-Coria*, 401 F.3d 871, 872 n.2 (8th Cir. 2005) (district court did not recite colloquy, told defendant he had "right to appeal the handling of this case" and issued him form entitled "Notice of Right to Appeal in a Criminal Case").

Accordingly, Hill's appeal is dismissed.