# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3663

_____

United States of America,      *
     *
         Appellee,      *    Appeal from the United States
     *    District Court for the
     v.      *    District of Nebraska.
     *
Fabian Aguilar-Martinez, also known      *    [UNPUBLISHED]
as Flaco,      *
     *
         Appellant.      *

_____

Submitted: May 15, 2006
Filed:  May 22, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Fabian Aguilar-Martinez appeals his sentence under United States v. Booker, 543 U.S. 220 (2005).  A jury convicted Aguilar-Martinez of conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and carrying a firearm during a drug trafficking offense.  The district court[1] imposed consecutive sentences of 262 months and sixty months, respectively.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Aguilar-Martinez argues the district court erred by applying the United States Sentencing Guidelines as mandatory in violation of Booker.[2] However, Aguilar-Martinez fails to point to any portion of the sentencing transcript which demonstrates the district court applied the guidelines as mandatory, based its sentence upon an irrelevant factor, failed to consider a relevant factor, or made a clear error of judgment. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). The sentencing transcript reveals the district court specifically considered the factors under 18 U.S.C. § 3553(a) and considered the guidelines to be advisory pursuant to our remand in United States v. Fabian A. Martinez, No. 04-4034 (June 8, 2005). Aguilar-Martinez argues the district court erred by imposing an enhancement based upon facts not found by a jury. However, this argument is untenable under Booker's remedial scheme because the district court recognized the guidelines as advisory. See United States v. Idriss, 436 F.3d 946, 950-51 (8th Cir. 2006). The sentence, within the properly calculated guideline range, is presumed to be reasonable. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005). Aguilar-Martinez has failed to rebut this presumption. We therefore affirm the sentence imposed by the district court.

——————————————————

[2] This argument only applies to the sentence on the conspiracy conviction, as the firearm conviction carries a statutory minimum sentence of sixty months. Booker only applies to sentences based upon an application of the guidelines; it does not apply to mandatory minimum sentences imposed pursuant to statute. See United States v. Rojas-Coria, 401 F.3d 871, 874 n.4 (8th Cir. 2005).