# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3455

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Abel Sanchez-Rocha, also known as | * | |
| Felice Rodriguez, Jr., also known as | * | [UNPUBLISHED] |
| Feliciano Rodriguez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 27, 2006
Filed: December 7, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Abel Sanchez-Rocha appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Rocha contends the court erred in finding he was ineligible for safety-valve relief.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

To receive the safety-valve reduction, Rocha had "to show, through affirmative conduct, that he gave the Government truthful information and evidence about the relevant crimes before sentencing." See United States v. Romo, 81 F.3d 84, 85-86 (8th Cir. 1996). We review for clear error the district court's finding that Rocha did not satisfy his burden. See United States v. Weekly, 118 F.3d 576, 581 (8th Cir.), modified on other grounds, 128 F.3d 1198 (8th Cir. 1997).

Upon careful review of the record before us on appeal, we cannot say that the district court clearly erred in finding that Rocha gave inconsistent answers about his drug sources and avoided some of the government's proffer-interview questions. Rocha complains that the court considered only the letters from the prosecutor and the arguments at the sentencing hearing, but the district court also had before it a letter from defense counsel after the first proffer about Rocha's refreshed recollection, as well as Rocha's sentencing testimony during which he was unable to remember details about one of his proffer interviews, was evasive, and disclaimed knowledge about the cost of the methamphetamine he had bought and about the contact information for his drug source or sources. See Romo, 81 F.3d at 85 (defendant was required to disclose all information he possessed about his involvement in crime and his chain of distribution, including identities and participation of others).

Accordingly, we affirm.

_____