# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 05-4149

—————

United States of America,

        Appellee,

v.

Mario Hernandez-Parra,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*    [UNPUBLISHED]
\*

—————

Submitted: December 7, 2006
Filed: December 21, 2006

—————

Before MURPHY, BYE, and MELLOY, Circuit Judges.

—————

PER CURIAM.

Mario Hernandez-Parra appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute one kilogram or more of a heroin mixture or substance and 500 grams or more of a methamphetamine mixture or substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Parra contends the court erred in concluding that he was ineligible for safety-valve relief under U.S.S.G. § 5C1.2(a), upon finding that he had not been completely truthful with the government regarding his drug-dealing involvement with a co-defendant.

—————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

To receive safety-valve relief, Parra had "to show, through affirmative conduct, that he gave the Government truthful information and evidence about the relevant crimes before sentencing." See United States v. Romo, 81 F.3d 84, 85-86 (8th Cir. 1996). We review for clear error the district court's findings as to the completeness and truthfulness of Parra's safety-valve proffer. See United States v. Soto, 448 F.3d 993, 995 (8th Cir. 2006).

Upon careful review of the record before us on appeal, we cannot say that the district court clearly erred in its findings. The evidence presented to the court indicated that Parra was working with the co-defendant in question within the drug conspiracy. We also disagree with Parra's argument that granting an acceptance-of-responsibility reduction is inconsistent with denying safety-valve relief. Safety-valve relief and an offense-level reduction for accepting responsibility are distinct forms of sentencing relief that entail separate requirements. In particular, a defendant who is given an acceptance-of-responsibility reduction is not required to admit conduct beyond his offense of conviction. See U.S.S.G. § 3E1.1, cmt. n. 1(a). On the other hand, safety-valve relief requires the defendant to give a truthful proffer of all the information he has regarding "the offense or offenses that were part of the same course of conduct or of a common scheme or plan." See U.S.S.G. § 5C1.2(a)(5); Romo, 81 F.3d at 85 (to satisfy safety-valve criteria in 18 U.S.C. § 3553(f)(5), defendant was required to disclose all information he possessed about his involvement in the crime and his chain of distribution, including identities and participation of others); see also United States v. Mashek, 406 F.3d 1012, 1013 n.1 (8th Cir. 2005) (§ 5C1.2(a) is derived from and identical to 18 U.S.C. § 3553(f)).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____