# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2649

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Phi An Tran, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 4, 2011
Filed: January 11, 2011

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Phi An Tran appeals the statutory minimum sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and to possess with intent to distribute at least 5 kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Counsel seeks leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel argues that the mandatory sentence was unconstitutional, resulting in a sentence that is unreasonable under United States v. Booker, 543 U.S.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

220 (2005). He also argues that the facts warranted a Guidelines variance, and that the sentence does not accord with the Guidelines or the plea agreement; we construe these arguments as challenging the district court's denial of safety-valve relief.

We review the constitutional argument for plain error because it was not raised below, see United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), and we reject it. The constitutionality of mandatory minimum sentences for drug offenses has long been confirmed. See Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991); United States v. Turner, 583 F.3d 1062, 1068 (8th Cir. 2009), cert. denied 130 S. Ct. 1928 (2010). Further, Booker's reasonableness standard does not apply because the court was without discretion to sentence Tran below the statutory minimum: the government did not move for departure based on substantial assistance, and the court did not clearly err in finding Tran ineligible for safety-valve relief because he admitted that he refused to answer the government's questions about his co-conspirators. See 18 U.S.C. § 3553(f) (defendant must truthfully provide to government all information and evidence he has concerning offense or offenses that were part of same course of conduct); United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (Booker does not relate to statutorily-imposed sentences); United States v. Bolanos, 409 F.3d 1045, 1047 (8th Cir. 2005) (clear error review of district court's safety-valve findings); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for court to depart below statutory minimum sentence is in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or when defendant qualifies under safety-valve provision); United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996) (disclosures required to qualify for safety valve).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, the judgment is affirmed, and counsel is granted leave to withdraw.

_____