UNITED STATES of America, Appellee,

v.

Dontay Deprice HOOSMAN, Appellant.

No. 95–1567.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1995.

Decided Aug. 10, 1995.

David Nadler, argued, Cedar Rapids, IA, for appellant.

Patrick J. Reinert, Asst. U.S. Atty., argued, Cedar Rapids, IA (Daniel C. Tvedt, on brief), for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.

DIANA E. MURPHY, Circuit Judge.

Dontay Deprice Hoosman appeals from a judgment of conviction entered after he conditionally pled guilty to one count of possession of crack cocaine. Hoosman argues that the district court[1] erred in denying his motion to suppress evidence. We affirm.

The relevant facts are essentially undisputed. On December 29, 1993 at about 11:30 p.m., a Waterloo police officer observed a car with neither a front nor rear license plate visible.[2] The officer turned on his red lights, but the car continued through an intersection. The officer observed the occupants look back at the police car and saw the individual in the front passenger seat "move side to side in the vehicle, turning around and looking and leaning forward." He also testified that the front passenger "looked nervous." Only after the officer turned on his siren did the car stop, coming to rest in the middle of several railroad tracks.

Three of the four people in the car got out and began to walk away, including the driver

---

1. The Honorable Michael J. Melloy, Chief United States District Judge for the Northern District of Iowa.

2. It was eventually determined that one license plate was lying flat on the rear ledge of the car by the back window.

and the individual in the passenger seat, the appellant Hoosman.[3] The officer told the men to get back in the car. He recognized Hoosman and said, "Dontay, get back into the vehicle." He testified that he had been aware that Hoosman had been involved in drug trafficking in the past. When the men returned to the car, the officer asked the driver to move it ahead fifty feet so it would not be on the tracks, but the driver drove almost a block and then parked in front of a bar. When Hoosman and the driver again got out of the car and appeared to be leaving the scene, the officer asked them to return and get back in the vehicle.

The driver, who did not have a driver's license, consented to a search of himself and the car. After searching the driver, the officer asked Hoosman to get out. Hoosman volunteered to be searched, and nothing was found on his person. As the officer was conducting a consensual search of the next passenger, Hoosman walked back to the car and retrieved a paper soda cup sitting on the transmission hump. The officer reached for the cup, saying, "Just a minute, Dontay. I haven't looked in that cup yet." After a brief struggle, the officer was able to take the cup from Hoosman and found a rock of crack cocaine inside.

Hoosman was charged with one count of possession under 21 U.S.C. § 844 and moved to suppress evidence of the crack. The magistrate judge[4] concluded that the officer was justified both in stopping the vehicle initially and in ordering Hoosman back to the car. After the district court adopted the report and recommendation and denied the motion to suppress, Hoosman entered a conditional plea.

On appeal Hoosman challenges only the constitutionality of the police officer's order to return to the car when he first left it at the railroad tracks. He argues that the crack cocaine should have been suppressed because it was found as a result of his being detained in violation of the Fourth Amendment. He contends that the officer had no

reason to prevent his walking away from the scene at the beginning because the car had been stopped for a failure to display license plates. As a passenger, he should have been free to leave, particularly because it was dangerous to remain on the tracks.

■ We review the district court's findings of fact for clear error, and the ultimate constitutional issue is considered de novo. *United States v. Dawdy,* 46 F.3d 1427, 1429 (8th Cir.1995). Under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a peace officer may detain an individual based on a reasonable suspicion, short of probable cause, that the person has committed, is committing, or is about to commit an illegal act. The officer's suspicion is measured under the totality of the circumstances, *Dawdy,* 46 F.3d at 1430, and must be more than a hunch. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883.

■ By the time the officer issued the order, he had reason independent of the license plate violation to suspect Hoosman of illegal activity. He recognized the defendant and had general knowledge that Hoosman had a history of drug trafficking. He had seen Hoosman move from side to side and lean forward in the front passenger seat after the police car's flashing lights were turned on. The car had not stopped promptly, which could reasonably add to the suspicion that Hoosman's movements could be related to hiding a weapon or contraband. Finally, Hoosman immediately left the car in subzero weather and began to walk away, in a different direction from his companions. Although the car was on railroad tracks, no train was visible and there was no apparent immediate danger.

■ Hoosman argues that each of these factors alone is consistent with innocent activity, but taken together we conclude they are specific and articulable facts giving rise to a reasonable suspicion of criminal activity. *See, e.g., U.S. v. Miller,* 20 F.3d 926, 930 (8th

---

3. It turned out that the owner of the car had been sitting in the back seat; the record does not indicate whether he was the person who remained with the car when the others left it.

4. The Honorable John A. Jarvey, Chief United States Magistrate Judge for the Northern District of Iowa.

Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 226, 130 L.Ed.2d 152 (1994). The officer was therefore justified in ordering Hoosman back to the car so the situation could be examined more closely.[5] Under all the circumstances, the officer's order did not exceed what was permissible, and there was no Fourth Amendment violation.

For these reasons the judgment is affirmed.

---

5. We note also that a license plate violation under Iowa law exposes both the driver and the owner to liability. I.A.C. § 321.98 (West 1985). The owner of the vehicle may not be the driver but a passenger, as here. Iowa law thus provides reason for an officer to make a limited inquiry directed at passengers.