# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1390

_____

| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Sylvester Cornelius, | * |
| | * |
| Appellant. | * |

_____

No. 04-1391

_____

Appeals from the United States
District Court for the
Western District of Missouri.

| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Sylvester Cornelius, | * |
| | * |
| Appellee. | * |

_____

Submitted: October 29, 2004
Filed: December 14, 2004

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and SMITH, Circuit
Judges.

_____

WOLLMAN, Circuit Judge.

Sylvester Cornelius pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).  He appeals from the district court's denial of his suppression motion.  The government cross-appeals from the district court's sentencing determination.  We affirm the denial of the suppression motion and reverse as to the sentencing determination.

I.

Kansas City Police Officers Vernon Huth and Randy Evans observed Cornelius walking down a street at approximately 10:00 a.m. on January 20, 2003.  Officer Huth recognized Cornelius from previous arrests and recalled seeing two outstanding drug-distribution felony warrants for him on the police computer the day before.

As the officers approached Cornelius in their patrol car, they observed him change direction and place his left hand in his pocket.  Officer Huth got out of the car and directed Cornelius to remove his hand from his pocket.  When Cornelius failed to comply, Officer Huth grabbed him and compelled him to lean over the hood of the patrol car.  Cornelius removed his left hand from his pocket and attempted to throw a plastic bag of brown paper and "white rock" into the vent of the patrol car (the bag was later determined to contain crack cocaine).  As Officer Huth handcuffed him, Cornelius disclosed that he had a weapon, which was uncovered in a search incident to arrest.

After being advised of his rights, Cornelius admitted to purchasing the crack cocaine and possessing the firearm.  He subsequently moved to suppress these admissions and the physical evidence discovered during the search.  The government contended that the evidence was properly obtained because the officers had a reasonable suspicion of ongoing criminal conduct.  The district court, adopting the

-2-

recommendation of the magistrate judge, rejected the government's position but denied the suppression motion under the good faith exception to the exclusionary rule recognized in United States v. Leon, 468 U.S. 897 (1984).

Following Cornelius's guilty plea, the district court rejected the government's argument that Cornelius's four prior drug convictions (based on four separate sales to an undercover officer over an eight-day period) should be considered as separate offenses under 18 U.S.C. § 924(e)(1). The district court sentenced Cornelius to seven years' imprisonment (rather than the minimum fifteen year sentence that would have been required had the prior convictions been treated as separate offenses).

II.

We review the district court's findings of fact for clear error and its application of law *de novo*. United States v. Fuller, 374 F.3d 617, 620 (8th Cir. 2004). In considering whether suppression was warranted, we examine three distinct actions: (1) the initial stop; (2) the seizure; and (3) the arrest.

We review Cornelius's initial stop under the standards set forth in Terry v. Ohio, 392 U.S. 1 (1968), under which "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000).

The magistrate judge noted that the government relied on four factors to support reasonable suspicion: (1) Officer Huth's knowledge from past arrests that Cornelius had gang and narcotics affiliations; (2) the "very high narcotics area" where Cornelius was spotted; (3) Cornelius's placing his hand in his front coat pocket and changing direction upon seeing the police car; and (4) Officer Huth's belief that Cornelius had outstanding warrants. The magistrate judge "reject[ed] all but the final

rationale put forth by the Government as supporting a valid Terry stop" and would "not engage in any discussion on these articulated reasons."

We disagree with the magistrate judge's rejection of the first three factors proffered by the government. We have specifically found each of these factors to be among those properly considered in determining reasonable suspicion. See United States v. Hoosman, 62 F.3d 1080, 1081 (8th Cir. 1995) (suspect's past history of illegal drug activity); United States v. Atlas, 94 F.3d 447, 451 (8th Cir. 1996) (area's propensity toward criminal activity); United States v. Davis, 202 F.3d 1060, 1063 (8th Cir. 2000) (suspect nervously placing hand in jacket pocket). Moreover, we consider the totality of the circumstances in analyzing whether reasonable suspicion exists. Atlas, 94 F.3d at 450.

We thus consider the first three factors identified by the government to determine whether, taken together, they provided specific and articulable facts giving rise to a reasonable suspicion of criminal activity. Because the record is unclear as to why the warrants that Officer Huth had viewed the day before were not outstanding at the time of his encounter with Cornelius, we do not consider Officer Huth's reliance on those warrants in our reasonable suspicion analysis. Cf. United States v. Hensley, 469 U.S. 221 (1985); United States v. Jacobsen, No. 04-1952, slip op. (8th Cir. Oct. 21, 2004). We conclude nonetheless that the totality of the circumstances created a reasonable suspicion that justified the Terry stop of Cornelius. See, e.g., Hoosman, 62 F.3d at 1081 (reasonable suspicion supported by totality of circumstances including officer's general knowledge that suspect had a history of drug trafficking and suspect's suspicious actions after police flashed sirens and engaged in pursuit).

The initial seizure in this case, as distinct from the Terry stop, occurred when Officer Huth forced Cornelius to lean over the hood of the police car. If a police officer reasonably believes that a person stopped may be armed and dangerous, the

officer may frisk the suspect for weapons. See Terry, 392 U.S. at 24. The justification for a pat-down search or protective frisk is officer safety. See United States v. Davis, 202 F.3d 1060, 1062 (8th Cir. 2000). A protective frisk is constitutionally reasonable when a police officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." Terry, 392 U.S. at 30.

At the time that Officer Huth seized Cornelius, i.e., at the time that he grabbed Cornelius's right arm and placed him against the patrol car, Officer Huth had observed two specific actions that he believed endangered his safety: (1) Cornelius had placed his hand in his jacket pocket; and (2) Cornelius had failed to follow Officer Huth's directive to remove his hand from the pocket. The totality of these circumstances gave rise to a reasonable suspicion that Cornelius was armed and dangerous and thus justified Officer Huth in taking the action that he did.

We turn next to Cornelius's arrest. In determining whether probable cause exists to make a warrantless arrest, the court looks to the totality of the circumstances to see whether a prudent person would believe the individual had committed or was committing a crime. See Illinois v. Gates, 462 U.S. 213, 230-31 (1983). By the time the officers arrested Cornelius, they were aware of the cumulative factors discussed above and had seen him toss a plastic bag containing "white rock." Accordingly, probable cause existed to make the arrest.

III.

We agree with the government that United States v. Long, 320 F.3d 795 (8th Cir. 2003), requires treating Cornelius's four prior drug convictions as separate offenses under the Armed Career Criminal Act. We therefore vacate Cornelius's sentence and remand to the district court for sentencing consistent with Long.

_____