# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3811

_____

United States of America,               *
                                        *
      Plaintiff - Appellee,             *
                                        *  Appeal from the United States
    v.                                *  District Court for the Eastern
                                        *  District of Missouri
                                        *
Melvin Nolan,                           *
                                        *
      Defendant - Appellant.            *

_____

Submitted: September 13, 2004
Filed: February 11, 2005

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

      Defendant-Appellant Melvin Nolan pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court[1] sentenced him to 180 months, the mandatory minimum under 18 U.S.C. §

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

924(e).  Nolan appeals the district court's classification of his prior convictions for second-degree burglary and escape as violent felonies for purposes of imposing a sentence under the Section 924(e).  We affirm.

On November 7, 2002, a federal grand jury indicted Nolan, a prior felon, for unlawful possession of a firearm.  Nolan entered a plea of guilty. The district court advised Nolan of the possible sentence, set a sentencing hearing for May 16, 2003, and ordered a pre-sentence investigation report.  The probation officer found that Nolan had four prior violent felony convictions, and thus classified him as an "armed career criminal."  Since this classification altered the possible maximum term Nolan faced, the court permitted Nolan to withdraw his guilty plea.  Nolan re-entered a plea of guilty, but reserved the right to raise the issue on appeal.  The district court accepted his plea of guilty and sentenced Nolan to the mandatory minimum sentence of 180 months to be followed by a five year term of supervised release.

Nolan argues that the district court erred by considering his two prior convictions for second-degree burglary and his two prior escape convictions as violent felonies.

We construe "violent felony" under 18 U.S.C. § 924(e)(B)(ii) to have the same meaning as "crime of violence" under U.S.S.G. §4B1.2.  Compare  18 U.S.C. § 924(e)(2)(B)(ii) with U.S.S.G.  § 4B1.2(a)(2).  See United States v. Blahowski, 324 F.3d 592, 594-95 (8th Cir. 2003), cert. denied, 540 U.S. 934 (2003) ("Nevertheless, we recognized that the clause in § 4B1.2 defining a crime of violence . . . contained identical language to the definition of 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act. . . .  Since there was no reason to conclude that these two identically worded clauses had different meanings . . . we concluded that burglary of a commercial building was a crime of violence under the 'otherwise clause' of § 4B1.2(1)(ii) of the Sentencing Guidelines.").

We have consistently held that burglary is a predicate offense under § 924(e) and U.S.S.G. § 4B1.2. See United States v. Mohr, 382 F.3d 857, 860-861 (8th Cir. 2003) (holding under U.S.S.G. § 4B1.2 that burglary is a crime of violence for purposes of the career offender provision); Blahowski, 324 F.3d at 594-95 (holding that burglary is a crime of violence under U.S.S.G. § 4B1.2, and stating that second-degree burglary poses a "serious potential risk of physical injury"); United States v. Sun Bear, 307 F.3d 747, 752 (8th Cir. 2002) (holding that burglary of commercial property is a crime of violence under U.S.S.G. § 4B1.2); United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002), cert. denied, 537 U.S. 862 (2002); United States v. Nation, 243 F.3d 467, 471 n.1 (8th Cir. 2001); United States v. Stevens, 149 F.3d 747, 749 (8th Cir. 1998) (burglary of commercial property is a crime of violence under U.S.S.G. § 4B1.2).

We have also repeatedly held that escape, as a crime of violence, is a predicate offense under U.S.S.G. § 4B1.2. See United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002) (holding that even a walkaway escape is a crime of violence). See also United States v. Gary, 341 F.3d 829, 836 (8th Cir. 2003), cert. denied, 540 U.S. 1139, 124 S.Ct. 1128 (2004) ("[W]e have categorically defined an escape as a crime of violence because, by its nature, an escape involves potential risk of physical injury to others. . . . This includes 'walkaway' escapes even though there is no use or threat of force or violence."); Sun Bear, 307 F.3d at 752 (holding that the crime of escape poses a serious potential for violence). Nolan's conviction for escape is a violent felony, and thus a predicate offense, under § 924(e). United States v. Springfield, 196 F.3d 1180, 1185 (10th Cir. 1999) (stating that escape is a violent crime under both § 924(e) and the United States Sentencing Guidelines).

Therefore the district court did not err in classifying Nolan's burglary and escape convictions as violent felonies for purposes of imposing a sentence under the Armed Career Criminal Act.[2]

The judgment of the district court is affirmed.

_____

[2]Subsequent to the United States Supreme Court decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), the defendant filed a supplemental brief arguing that the question of his prior convictions should have been submitted to a jury and subject to proof beyond a reasonable doubt. The Supreme Court has now issued its decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which found the federal sentencing guidelines not mandatory, but only advisory. We have not determined whether plain error applies to sentencings such as this one, conducted prior to the decision in <u>Blakely</u>, and in which any claim to the constitutionality of the guidelines was not preserved. However, we do not need to wait for our court to reach that issue. Even if we were to reach the merits of the issue raised in the supplemental brief, the defendant would not be entitled to resentencing. Nolan's sentence was not determined based upon an application of the federal sentencing guidelines, but rather based upon the mandatory minimum sentence set forth in the Armed Career Criminal Act. As to the finding concerning the prior convictions which triggered the mandatory minimum sentence, the Supreme Court has consistently said that the fact of a prior conviction is for the court to determine, not a jury. <u>See</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000); <u>Booker</u>, 125 S. Ct. at 756. Consequently, there is no <u>Blakely</u>/<u>Booker</u> issue in this case.