**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Stanley M. MATTIX, Defendant—
Appellant.**

**No. 04–2990.**

United States Court of Appeals,
Eighth Circuit.

Submitted: April 12, 2005.

Filed: April 20, 2005.

Rehearing and Rehearing En Banc
Denied June 10, 2005.

Omar F. Greene, argued, Little Rock, AR, for appellant.

John Ray White, Asst. U.S. Atty., argued, Little Rock, AR, for appellee.

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

PER CURIAM.

Stanley M. Mattix was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and making false statements to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6). He absconded from pretrial supervision but was arrested outside the jurisdiction on an unrelated state charge. He then pled guilty to both counts of the indictment.

At sentencing the district court[1] treated the guidelines as advisory. The court calculated Mattix's base offense level for each offense to be 14 and added a two level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, resulting in a total offense level of 16. Mattix had a criminal history category of IV, and the advisory sentencing range for each offense was 33 to 41 months. The court decided to impose concurrent sentences of 38 months. Mattix appeals.

Mattix argues that his Sixth Amendment rights were violated because a jury should have decided beyond a reasonable doubt whether he obstructed justice, citing *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In a motion for supplemental briefing, he argues that he should be resentenced under a truly advisory system with the guidance provided by *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that information about his prior convictions should have been submitted to a jury under a reasonable doubt standard, citing *Shepard v. United States*, —— U.S.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

There was no error in this case because the district court recognized that the guidelines were advisory and considered the facts and circumstances of the case as *Booker*, 125 S.Ct. at 756, commands. Courts have long considered prior criminal history as a sentencing factor for the court rather than a fact issue for the jury, *Almendarez–Torres v. United States*, 523 U.S. 224, 243–44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and that principle has been reaffirmed most recently in *Booker*, 125 S.Ct. at 756; *see also Blakely*, 124 S.Ct. at 2536; *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348, and it was not changed in *Shepard.*

After reviewing the record, we conclude that the sentence imposed was not unreasonable. *See Booker*, 125 S.Ct. at 765. Accordingly, we affirm the judgment of the district court.