# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3615

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Wesley George Thorn, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: July 1, 2005
Filed: July 11, 2005

_____

Before LOKEN, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Wesley Thorn was charged with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (2000). The District Court[1] denied Thorn's motion to suppress evidence obtained in a search of Thorn's office at the Missouri Division of Child Support Enforcement, and Thorn entered a conditional plea of guilty to the charge. Applying the mandatory sentencing guidelines scheme

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

that was in place prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the District Court sentenced Thorn to twenty-seven months' imprisonment. Thorn filed a timely appeal of the District Court's denial of his motion to suppress, and we affirmed the District Court's decision on July 13, 2004. United States v. Thorn, 375 F.3d 679 (8th Cir. 2004). Thorn then filed a petition for rehearing and rehearing en banc in which he argued, for the first time, that pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), his sentence violated his Sixth Amendment rights. The Court denied Thorn's petition for rehearing and rehearing en banc on August 6, 2004. Thorn next filed a petition for writ of certiorari with the United States Supreme Court. On January 24, 2005, the Supreme Court, at 125 S. Ct. 1065, granted Thorn's petition for writ of certiorari, vacated our judgment, and remanded the case to us for further consideration in light of Booker. On reconsideration, we affirm Thorn's sentence, and we reinstate our decision affirming Thorn's conviction.

In Booker, the Supreme Court held that the mandatory nature of the United States Sentencing Guidelines ran afoul of the Sixth Amendment insofar as a sentencing judge, based on certain facts found by the judge, was required to impose a more severe sentence than could have been imposed based on facts found by the jury or admitted by the defendant. 125 S. Ct. at 749. Because the Court further held that the constitutional parts of the guidelines could not be saved by severing them from the parts it had found unconstitutional, the Court declared the entirety of the guidelines "effectively advisory." Id. at 757. Nevertheless, sentencing judges must "take account of the Guidelines together with other sentencing goals" enumerated in 18 U.S.C. § 3553(a). Id. at 764.

Because Thorn did not raise a Sixth Amendment challenge to the constitutionality of the guidelines in the District Court, we review his Booker claims for plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Plain error

review is governed by the four-part test set forth in <u>United States v. Olano</u>, 507 U.S. 725, 732–36 (1993):

> before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

<u>Pirani</u>, 406 F.3d at 550 (quoting <u>Johnson v. United States</u>, 520 U.S. 461, 466–67 (1997)). Thorn bears the burden of proving plain error. <u>Id.</u> "Appellate review under the plain-error doctrine, of course, is circumscribed and we exercise our power under Rule 52(b) sparingly." <u>Jones v. United States</u>, 527 U.S. 373, 389 (1999).

Thorn first argues that his Sixth Amendment rights were violated because the District Court, in calculating a sentence under the guidelines, relied upon facts that were not alleged in the indictment or proved beyond a reasonable doubt. The District Court enhanced Thorn's sentence based upon facts set forth in the presentence investigation report (PSR).[2] Facts presented in a PSR are deemed admitted by a defendant unless the defendant objects to the inclusion of those facts. <u>United States v. Yahnke</u>, 395 F.3d 823, 825 n.2 (8th Cir. 2005); <u>United States v. Bougie</u>, 279 F. 3d 648, 650 (8th Cir. 2002). Sentencing courts do not violate the Sixth Amendment

---

[2]The PSR stated that Thorn's offense involved a minor under the age of twelve years, resulting in a two-level enhancement to Thorn's base offense level pursuant to § 2G2.4(b)(1) of the guidelines; that Thorn's offense involved the possession of ten or more items containing a visual depiction of the sexual exploitation of a minor, resulting in an additional two-level enhancement pursuant to § 2G2.4(b)(2) of the guidelines; and that Thorn's possession of materials depicting a minor engaged in sexually explicit conduct resulted from his use of a computer, resulting in a further two-level enhancement pursuant to § 2G2.4(b)(3) of the guidelines. PSR at ¶¶ 40–42.

when they rely on facts admitted by a defendant in calculating the defendant's sentence. Booker, 125 S. Ct. at 756. Although Thorn requested that information be added to the PSR (a request which was granted), he did not object to the inclusion of the facts in the PSR that led to his sentence enhancements. The District Court did not commit a Sixth Amendment violation, let alone plain error, when it enhanced Thorn's sentence based on facts admitted by Thorn.

Thorn next argues that the District Court committed plain error by applying the guidelines in a mandatory manner in violation of the principles announced in Booker. It is undisputed that the first two plain-error factors are satisfied: "The district court (understandably) committed Booker error by applying the Guidelines as mandatory, and the error is plain, that is, clear or obvious, at this time." Pirani, 406 F.3d at 550. To prove the third factor, however, Thorn must demonstrate that there is a "reasonable probability that, but for Booker error, [he] would have received a more favorable sentence under an advisory guidelines regime." Id. at 553.

In an attempt to meet this heavy burden, Thorn argues that the District Court did not consider evidence of Thorn's diminished mental capacity "in light of the sentencing factors of 18 U.S.C. § 3553" because the court believed that it was bound by the definition of "diminished capacity" found in § 5K2.13 of the guidelines. Supp. Br. for Appellant at 9. Thorn points to the District Court's statement that it would not grant a downward sentencing departure because it was "not satisfied that Mr. Thorn has a sufficiently reduced mental [capacity] as that phrase is used and applied pursuant to [guideline § 5K2.13]." Sent. Tr. at 43. Nothing in the District Court's statement, however, indicates that the District Court would have given Thorn a lesser sentence had it known that it was not bound by the guidelines. Moreover, although the District Court imposed a sentence at the bottom of the applicable guidelines range, this is "insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Pirani, 406 F.3d at 553. Because Thorn has not demonstrated that the District Court's error

affected a substantial right, we need not proceed to the fourth plain-error factor. Thorn is not entitled to plain-error relief from his pre-<u>Booker</u> sentence.

The judgment of the District Court is affirmed, and our judgment in <u>United States v. Thorn</u>, 375 F. 3d 679 (8th Cir. 2004), is ordered reinstated.

_____