# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3177

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Juan Carrillo-Beltran, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 20, 2005
Filed: September 29, 2005

_____

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Juan Carrillo-Beltran (Carrillo-Beltran) pled guilty to possession with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Carrillo-Beltran to 120 months' imprisonment and 5 years' supervised release. Carrillo-Beltran appeals, arguing the district court erred in finding Carrillo-Beltran had a prior drug conviction, in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). We affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

## I.    BACKGROUND

Carrillo-Beltran was arrested after a consent search of his vehicle uncovered 1.61 kilograms of heroin hidden inside the passenger-side airbag compartment. Upon arrest, and after waiving his Miranda[2] rights, Carrillo-Beltran indicated he wanted to cooperate fully with the arresting agents. Carrillo-Beltran later signed a plea agreement in which he admitted these facts.

Carrillo-Beltran later pled guilty to possession with intent to distribute over one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1). Although Carrillo-Beltran and the government agreed Carrillo-Beltran's estimated total offense level under the United States Sentencing Guidelines (Guidelines) would be 25, Carrillo-Beltran admitted he "fully underst[ood] that . . . the crime to which [he pled] guilty" required a mandatory term of imprisonment of at least 10 years. Carrillo-Beltran and the government agreed Carrillo-Beltran's criminal history would be decided by the district court after review of the Pre-Sentence Investigation Report (PSR). Furthermore, the parties mutually agreed to waive all rights to appeal, with the exception of any upward or downward departure from the Guidelines range not agreed to in the plea agreement.

Under 21 U.S.C. § 841(b)(1)(A), a criminal who possesses over one kilogram of heroin with intent to distribute "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." Carrillo-Beltran's only hope for a prison sentence less than 10 years (120 months) was to qualify for the safety valve provision set forth at 18 U.S.C. § 3553(f). The safety valve provision mandates that the court sentence a defendant in accordance with the Guidelines without regard to any statutory minimum sentence, if the court finds the defendant meets five statutory requirements. See 18 U.S.C. § 3553(f). The first of the five requirements is "the defendant does not have more than 1 criminal history point, as determined

_____

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). Thus, if Carrillo-Beltran had more than one criminal history point, the district court could not apply section 3553(f)(1), and Carrillo-Beltran's presumptive sentence would be a minimum of 120 months, rather than the 46- to 57-month range he argues was his presumptive sentence pursuant to the Guidelines and section 3553(f).

The PSR showed Carrillo-Beltran, under the alias "Francisco Espiritu Atrisco" (Atrisco), had a prior conviction for possession, sale, and transportation of a controlled substance. Carrillo-Beltran objected to the PSR's inclusion of the prior conviction under the name Atrisco, arguing the court could not determine Atrisco and he are the same person without violating Carrillo-Beltran's Sixth Amendment rights. At the sentencing hearing on September 2, 2004, the government and Carrillo-Beltran stipulated that an examiner's comparison of a fingerprint card for Carrillo-Beltran to a fingerprint card for Atrisco led the examiner to conclude both sets of fingerprints were made by the same person. Finding Carrillo-Beltran and Atrisco were the same person, the district court attributed the prior conviction to Carrillo-Beltran. Because Carrillo-Beltran did not qualify for the safety valve provision, the district court sentenced him to 120 months' imprisonment and five years' supervised release. Carrillo-Beltran appeals, arguing the district court's finding violates Blakely, because the court was required to submit to a jury whether Carrillo-Beltran was the same person as the defendant in the prior conviction.

## II.    DISCUSSION

"Decisions regarding offenses counted in a criminal history calculation are factual determinations subject to clear-error review." United States v. Townsend, 408 F.3d 1020, 1022 (8th Cir. 2005) (citing United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003)).

Ample authority supports the district court's finding that the prior conviction was attributable to Carrillo-Beltran. In Almendarez-Torres v. United States, 523 U.S.

224, 235, 239-47 (1998), the Supreme Court ruled a prior felony conviction is a sentencing factor for the court, not a fact issue for the jury. See also United States v. Wilson, 406 F.3d 1074, 1075 (8th Cir. 2005). Following its decision in Almendarez-Torres, the Court has reaffirmed this principle on numerous occasions. See Apprendi v. New Jersey, 530 U.S. 466, 489 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); see also United States v. Booker, 125 S. Ct. 738, 748, 756 (2005) (reaffirming the Apprendi principle that the fact of a prior conviction need not be determined by the jury); Blakely, 542 U.S. at ___, 124 S. Ct. at 2536 (same). The Supreme Court has not overruled its decisions in Almendarez-Torres and Apprendi, and the Court's recent sentencing cases, including Shepard v. United States, 125 S. Ct. 1254 (2005), have not abandoned the rule that a court–and not a jury–may consider prior criminal history in sentencing a defendant. See United States v. Mattix, 404 F.3d 1037, 1038 (8th Cir. 2005) (per curiam). Thus, it is well settled at this time that a district court may determine the fact of a prior conviction.

In this case, the only "twist" on the well-settled principles of Booker, Blakely, Apprendi, and Almendarez-Torres is Carrillo-Beltran argues the prior conviction included in the PSR was attributable to Atrisco, and therefore was not a "fact" exempt from a reasonable doubt determination by a jury. His contention is unsupported by the law.

While determining whether a prior conviction under an alias is attributable to a defendant seemingly involves a finding of fact beyond the "fact of a prior conviction" (which clearly is allowed under Supreme Court precedent), such an additional finding is "intimately related" to the prior conviction and does not violate the Sixth Amendment. See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir. 2005) (quoting United States v. Burgin, 388 F.3d 177, 186 (6th Cir. 2004)). "To the extent that [Carrillo-Beltran] claims that the determination[] at issue require[s] the

-4-

finding of facts beyond the mere fact of a prior conviction, the same result obtains." Wilson, 406 F.3d at 1075. As we stated in United States v. Marcussen, 403 F.3d 982 (8th Cir. 2005), "we previously have rejected the argument that the nature of a prior conviction is to be treated differently from the fact of a prior conviction." Id. at 984 (citing United States v. Kempis-Bonola, 287 F.3d 699, 703 (8th Cir. 2002), and United States v. Davis, 260 F.3d 965, 969 (8th Cir. 2001)).

Carrillo-Beltran did not specifically object to the PSR's characterization of the facts and conclusion that Carrillo-Beltran was the same person as Atrisco. Carrillo-Beltran stipulated to the fingerprint examiner's conclusion the two sets of fingerprints "were made by the same person." His only objection was to the fact his name was not used in the prior conviction, thus requiring a factual finding that he was the same person as Atrisco. This convoluted objection to the PSR has the ring of an admission. United States v. Thorn, 413 F.3d 820, 823 (8th Cir. 2005) ("Facts presented in a PSR are deemed admitted by a defendant unless the defendant objects to the inclusion of those facts.") (citations omitted). "Sentencing courts do not violate the Sixth Amendment when they rely on facts admitted by a defendant in calculating the defendant's sentence." Id. (citing Booker, 125 S. Ct. at 756).

To allow a defendant to obtain a jury trial on whether a prior conviction under an alias is attributable to the defendant (after the defendant has stipulated to a fingerprint match for the alias and the defendant) offends traditional notions of justice. A court must be allowed to determine not only the "fact of a prior conviction" but also those facts so "intimately related" to the prior conviction to fall within the Apprendi exception. See Moore, 401 F.3d at 1225. The determination at sentencing whether the defendant has prior convictions–even under aliases–falls within this principle. Therefore, the district court's finding that Carrillo-Beltran had a prior conviction under an alias was not clearly erroneous and does not violate the Sixth Amendment.

## III. CONCLUSION

Under 18 U.S.C. § 841(b)(1)(A), Carrillo-Beltran's presumptive sentencing range was a mandatory minimum of 120 months, unless he was eligible for the safety valve provision under 18 U.S.C. § 3553(f)(1). Carrillo-Beltran could not take advantage of the safety valve if he had "more than 1 criminal history point." 18 U.S.C. § 3553(f)(1). Because the district court did not err in finding Carrillo-Beltran had a prior conviction under an alias, Carrillo-Beltran was not entitled to safety valve relief. Thus, the district court did not err in sentencing Carrillo-Beltran.

For the foregoing reasons, we affirm Carrillo-Beltran's conviction and sentence.

_____