# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3218

_____

United States of America,

        Appellee,

      v.

David D. Henson,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: September 2, 2005
Filed: December 27, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found David Henson guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and Henson appeals the resulting 188-month sentence imposed by the district court. On appeal, counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Henson's sentence was excessive and that Henson should not have been classified as an armed career criminal (ACC). We denied counsel's motion and ordered supplemental briefing in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). In a supplemental brief, counsel argues that the district court erred by treating the Guidelines as mandatory at Henson's pre-<u>Booker</u> sentencing.

We reject counsel's <u>Anders</u> brief arguments. First, Henson was properly classified as an ACC because he has at least three prior felony convictions for violent crimes or serious drug offenses. <u>See</u> 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a). Specifically, Henson's criminal history includes two Missouri state convictions for second-degree burglaries, <u>see</u> <u>United States v. Nolan</u>, 397 F.3d 665, 666-67 (8th Cir.) (second-degree burglary is predicate offense under § 924(e)), <u>cert. denied</u>, 126 S. Ct. 195 (2005), and a conviction for possessing with intent to distribute 145 grams of marijuana, <u>see</u> 18 U.S.C. § 924(e)(2)(A)(ii) (serious drug offense is "an offense under State law, involving . . . possessing with intent to . . . distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"); Mo. Rev. Stat. §§ 195.211 and 558.011 (2000) (possessing more than 5 grams of marijuana with intent to deliver is Class B felony punishable by imprisonment of 5-15 years). We also conclude that Henson's sentence is not excessive. <u>See</u> <u>United States v. Collins</u>, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime); <u>United States v. Johnson</u>, 22 F.3d 674, 682-83 (6th Cir. 1994) (15-year sentence imposed on defendant as ACC on basis of prior convictions was not grossly disproportionate to status offense of being felon in possession of firearm, and was not cruel and unusual punishment under Eighth Amendment).

The <u>Booker</u> challenge to the sentence is valid, however, because the district court erred in sentencing Henson under a mandatory Guidelines scheme, <u>see</u> <u>Booker</u>, 125 S. Ct. at 756-57 (holding Guidelines to be only advisory), and Henson preserved this issue at sentencing, <u>see</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir.) (en banc) (<u>Booker</u> error preserved by, inter alia, raising <u>Blakely v. Washington</u>, 542 U.S. 296 (2004)), <u>cert. denied</u>, 126 S. Ct. 266 (2005). We conclude further that the government did not meet its burden of proving that the error was harmless: Henson was sentenced at the bottom of the applicable Guidelines range, and nothing in the record suggests that the district court would have imposed the same sentence under an advisory system. <u>See</u> <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir.

-2-

2005).  Thus, we must remand for the district court to fashion a reasonable sentence under advisory Guidelines.  See Booker, 125 S. Ct. at 765-66.

Accordingly, we vacate Henson's sentence and remand for resentencing.

_____