# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2195

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Douglas Leon Harkreader, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2006
Filed: March 6, 2006

_____

Before RILEY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Douglas Leon Harkreader was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). By his criminal history, the district court[1] found that under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the appropriate guidelines range was 188 to 235 months. The court then varied downward, sentencing Harkreader to the 180-month statutory minimum. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

First, Harkreader argues his Sixth Amendment rights were violated by the judge's determination of his prior convictions. To the contrary, "a prior felony conviction is a sentencing factor for the court, not a fact issue for the jury." *United States v. Carrillo-Beltran*, 424 F.3d 845, 848 (8th Cir. 2005) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 240–44 (1998)), *cert. denied*, No. 05-8358, 2006 WL 386793 (Feb. 21, 2006). This court follows *Almendarez-Torres*, which is still controlling. *See United States v. Levering*, 431 F.3d 289, 295 (8th Cir. 2005); *United States v. Morell*, 429 F.3d 1161, 1164 (8th Cir. 2005); *United States v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005). Thus, the district court did not abuse its discretion by making findings about the prior felony convictions.

Next, Harkreader claims that mandatory minimum sentences are unconstitutional after *United States v. Booker*, 543 U.S. 220 (2005), and *Shepard v. United States*, 544 U.S. 13 (2005). Because he did not raise this constitutional challenge before the district court, this court reviews for plain error. *See United States v. Jackson*, 419 F.3d 839, 844 (8th Cir. 2005) (citing *United States v. Pirani*, 406 F.3d 543, 549–50 (8th Cir. 2005)), *cert. denied*, 126 S. Ct. 841 (2005). Under plain error review, this court will reverse only if there is 1) error 2) that is plain and 3) affects the defendant's substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). In addition, the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Id*.

This court has determined that, post-*Booker*, mandatory minimum sentences are constitutional. *See United States v. Rojas-Coria*, 401 F.3d 871, 874 n.4 (8th Cir. 2005), *see also United States v. Nolan*, 397 F.3d 665, 667 & n.2 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 195 (2005). Therefore, the district court did not err in sentencing Harkreader to the minimum sentence under the ACCA.

The judgment of the district court is affirmed.

_____