# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1229

_____

United States of America,      *
               *
    Plaintiff - Appellee,   *
               *  Appeal from the United States
 v.            *  District Court for the
               *  District of South Dakota.
Ines Herrera Martinez,     *
               *  [UNPUBLISHED]
    Defendant - Appellant.  *

_____

Submitted: November 6, 2007
Filed: December 26, 2007

_____

Before MURPHY, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Ines Herrera Martinez appeals his 120 month sentence for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and for illegal reentry after deportation. The district court imposed the statutory mandatory minimum sentence based on the jury finding that he possessed 500 grams or more of a controlled substance and his prior drug felony conviction. See 21 U.S.C. § 841(b)(1)(B). After we affirmed Herrera Martinez's sentence, United States v. Herrera Martinez, 354 F.3d 932 (8th Cir. 2004), the Supreme Court granted his certiorari petition, vacated our judgment, and remanded the case for further

consideration in light of United States v. Booker, 543 U.S. 220 (2005). Martinez v. United States, 127 S. Ct. 1125 (2007).

Appellant alleges that the district court imposed an unconstitutional sentence by basing it on five kilograms or more of cocaine although the jury found him responsible for 500 grams or more of cocaine, citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). He also argues that resentencing is warranted because the district court relied on his prior felony drug conviction in sentencing him when his guilt of that conviction had not been put to his trial jury.

Appellant's arguments are not well placed. His ten year sentence was the statutory minimum sentence required for a defendant found responsible for 500 grams of more. See 21 U.S.C. § 841(b)(1)(B). Had the district court relied on a finding of five kilograms or more of cocaine, Herrera Martinez would have been subject to a twenty year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). In imposing appellant's 120 month sentence, the district court properly applied 21 U.S.C. § 841(b)(1)(B) based on the jury finding of 500 grams or more of cocaine and his prior felony drug conviction. Appellant's second argument is also without merit. The Supreme Court held in Almendarez-Torres v. United States that a prior conviction need not be proved to a jury to be a sentencing factor. 523 U.S. 224, 243 (1998). We have previously recognized that Almendarez-Torres remains good law without further action to the contrary by the Court. See United States v. Garcia, 441 F.3d 596, 599 (8th Cir. 2006).

We have examined appellant's case in light of Booker, but conclude that the decision has no effect on his sentence. His sentence was governed by the mandatory minimum sentence established in 21 U.S.C. § 841(b)(1)(B), not by the mandatory

sentencing guidelines found unconstitutional in <u>Booker</u>. <u>See, e.g.</u>, <u>United States v. Crawford</u>, 487 F.3d 1101, 1108 (8th Cir. 2007) ("<u>Booker</u> made the United States Sentencing Guidelines advisory, but had no effect upon statutory schemes."); <u>United States v. Warford</u>, 439 F.3d 836, 845 (8th Cir. 2006) (recognizing that <u>Booker</u> did not render mandatory minimum sentences unconstitutional); <u>United States v. Rojas-Coria</u>, 401 F.3d 871, 874 n.4 (8th Cir. 2005) (<u>Booker</u> has "no impact on this case, as Rojas-Coria's sentence was not based upon an application of the United States Sentencing Guidelines but rather upon the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A)."); <u>United States v. Torres</u>, 409 F.3d 1000, 1004 (8th Cir. 2005) (defendant sentenced to statutory minimum cannot show prejudice caused by the application of the mandatory guidelines because he has "already received the most favorable sentence to which he is entitled by law.").

Since appellant's Sixth Amendment rights were not violated by the imposition of the statutory mandatory minimum sentence, we affirm the judgment of the district court.

_____