KELLY, Circuit Judge, concurring in part and dissenting in part.
I agree that denial of Walker's successive § 2255 motion was not proper. As the court explains, the district court did not undertake to analyze whether Walker's sentence was based on the residual clause, because it relied instead on now-overruled precedents to conclude that Missouri burglary qualified as a violent felony under the enumerated offenses clause. But, as we recently held, Missouri burglary "covers more conduct than does generic burglary," so it "do[es] not qualify as [a] violent felon[y] under the ACCA." Naylor, 887 F.3d at 407. I concur in the part of the court's opinion reaching that necessary conclusion. However, I am unpersuaded that, between the two approaches it considers, the court adopts the correct one.
As to our assessment of claims purporting to rely on Johnson, I agree with the approach advanced by the Fourth and Ninth circuits (and numerous district courts, see United States v. Wilson, 249 F.Supp.3d 305, 311-12 (D.D.C. 2017) (collecting cases from various district courts including the Eastern District of Missouri[3] ) ). I would hold that a claim for collateral relief under Johnson should be granted so long as the movant has shown that his sentence may have relied on the residual clause, and the government is unable to demonstrate to the contrary. Geozos, 870 F.3d at 898. I think it is unwise to adopt an approach that would "penalize a movant for a [district] court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." Winston, 850 F.3d at 682. And further, I find the court's reliance on the movant's burden of proof as the reason for setting the bar higher to be unpersuasive. It is true-so far as it goes-that, a movant bears the burden of proving that she is entitled to relief under § 2255, Kress, 411 F.2d at 20, but what the movant has to prove is a different question. Under § 2255, a movant does not have to show that her claim is "resolved by" a new and retroactive rule of constitutional law, but rather that her claim "relies on" the same. See Winston, 850 F.3d at 682 (explaining that a claim for post-conviction relief "relied on" the rule in Johnson where the record was silent); Geozos, 870 F.3d at 897 ; see also Raines v. United States, 898 F.3d 680, 2018 WL 3629060, at *8-9 (6th Cir. July 31, 2018) (Cole, C.J., concurring) ("Since Welch turned on what a petitioner needed to do to allege the denial of a 'constitutional' right, it also applies to petitioners bringing second-or-successive petitions .... If a petition that pairs a new-rule-of-constitutional-law challenge and an old-rule-of-statutory-law challenge satisfies § 2253(c)'s 'constitutional' right requirement as Welch telegraphs, then such a petition also satisfies § 2255(h)."). Here, where the record is silent, Walker's claim "relies on" Johnson because his claim would not have been meritorious before the residual clause was held unconstitutional. See, e.g., Mitchell v. United States, No.16-cv-3194, 2017 WL 1362040, at *3 (W.D. Mo. Apr. 11, 2017) ("Only with Johnson's invalidation of the *1017 residual clause can Movant reasonably argue that he is no longer eligible for the ACCA enhancement. Because Johnson provides Movant with an avenue of relief that was not previously available to him, his motion utilizes that decision and therefore relies on [it]." (cleaned up) ).
Further-even under the more stringent standard that the court adopts-I believe it is unnecessary to remand the case for factfinding because "the relevant background legal environment at the time of [Walker's] sentencing," Washington, 890 F.3d at 896, is clear. In other words, I would conclude-like the court in United States v. Taylor, 873 F.3d 476, 481 (5th Cir. 2017) -that Walker's claim merits relief under either standard. Walker was initially sentenced on August 12, 2005. However, in February 2005, this court, in upholding an ACCA sentencing enhancement for second-degree burglary in Missouri had written that "[w]e have consistently held that burglary is a predicate offense under § 924(e) and U.S.S.G. § 4B1.2." United States v. Nolan, 397 F.3d 665, 666 (8th Cir. 2005). Among the precedents we cited in support of this position was United States v. Blahowski, 324 F.3d 592, 594 (8th Cir. 2003) (concluding that burglary is a crime of violence because it "otherwise involves conduct that presents a serious potential risk of physical injury to another," i.e., because it satisfies the residual clause).[4] In other words, at the time Walker was sentenced, our case law had "consistently held" that burglary was a crime of violence, relying on the residual clause-or, in some other cases, relying on the breadth of the residual clause to avoid deciding which clause of the ACCA an offense satisfied, see, e.g., United States v. Cantrell, 530 F.3d 684, 695-96 (8th Cir. 2008) (concluding that "regardless of whether Cantrell's [Missouri] burglary conviction was a 'generic burglary,' " he was a career offender under the Guidelines "because Cantrell's [Missouri] second-degree burglary conviction constituted a 'crime of violence' under the 'otherwise involves conduct that presents a serious potential risk of physical injury to another' clause"). Because "the relevant background legal environment" is clear, I see no reason to remand this case to the district court. I respectfully concur in part and dissent in part from the court's opinion.

Bevly v. United States, No. 4:16-cv-965, 2016 WL 6893815, at *1 (E.D. Mo. Nov. 23, 2016) ("In a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause."); Givens v. United States, No. 4:16-cv-1143, 2016 WL 7242162, at *4 (E.D. Mo. Dec. 15, 2016) (quoting Bevly ); see also Diaz v. United States, No. 1:16-cv-323, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016) ; United States v. Ladwig, 192 F.Supp.3d 1153, 1159 (E.D. Wash. 2016).

See also United States v. Mohr, 382 F.3d 857, 860 (8th Cir. 2004) ("Our court has reasoned that since burglary always creates a 'serious potential risk of physical injury to another,' it qualifies as a crime of violence."), cert. granted, judgment vacated, and case remanded on other grounds sub nom. Mohr v. United States, 542 U.S. 1181 (2005); United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996) ("As we have said, second-degree burglary poses a 'serious potential risk for physical injury.' ").